WILBER v. WILLIAMSBURGH CITY FIRE INS. CO.

*(Supreme Court, General Term, Second Department.   May 14, 1888.)*

1. INSURANCE—CANCELLATION FOR NON-PAYMENT OF PREMIUM—PAYMENT TO BROKER.
  The fact of the cancellation for non-payment of the premium of an insurance policy before the property insured was destroyed, constitutes no defense to an action on the policy, where it appears that the premium was paid to and retained by the broker who negotiated the insurance, and that the payment to the broker was valid as against the company.

2. SAME—PROOF OF LOSS—WHEN UNNECESSARY.
  The assured need not prove a loss of the insured property where the insurers, when first notified thereof, refused to pay the insurance, and denied all liability, solely upon the ground of the cancellation of the policy.

Appeal from circuit court, Kings county; EDGAR M. CULLEN, Justice.

Action on a fire insurance policy by George N. Wilber against the Williamsburgh City Fire Insurance Company.   Judgment for plaintiff, and defendant appeals.

*Robinson, Scribner & Bright,* for appellant.   *A. C. Auberry,* for respondent.

DYKMAN, J.   This is an action for the recovery of loss by fire under a fire insurance policy issued by the defendant, and the defense was the cancellation of the policy previous to the loss.   The policy was procured through insurance brokers, to whom the insured paid the premium, but it did not reach the defendant, and the policy was canceled for non-payment of the premium. Whether the premium was paid or not depended upon the validity of the payment made to the broker, and that fact was found against the defendant by the jury.   With that fact against the defendant, the cancellation of the policy was vain and ineffectual so long as the premium was retained.

The presentation of proof of the loss was waived or rendered unnecessary by the action of the officers of the defendant when notification of the loss was first made, for at that time the refusal of the company to pay was based entirely upon the cancellation of the policy, and all liability was denied.   The presentation of proof of loss after that would have been an idle ceremony, and therefore unnecessary.   We have examined all the exceptions, and find no error.   The judgment and order denying a new trial should be affirmed.